UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GET WET WATERSPORTS, INC., as Owner of DOLPHIN CAT, a 2004 32-foot Catamaran, HIN No. GCY32CDCD404, and its engines, tackle and other appurtenances,<br><br>Petitioner. | CASE NO. _____ |

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

GET WET WATERSPORTS, INC. ("Petitioner"), as Owner of DOLPHIN CAT, a 2004 32-foot Catamaran, HIN No. GCY32CDCD404, and its engines, tackle and all other appurtenances ("Vessel"), in an action for exoneration from or limitation of liability, civil and maritime states:

1. This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333, 46 U.S.C. §§ 30501-30512 *et seq*., Rule 9(h), and Supplemental Rule F, Fed. R. Civ. P.

2. At all material times material hereto, Petitioner was the registered title owner of the Vessel, located on Singer Island at 101 Blue Heron Blvd, Riviera Beach, FL 33404.

3. At all times hereafter mentioned, Petitioner, GET WET WATERSPORTS, INC., was and is a corporation organized and existing pursuant to the laws of the State of Florida.

4. At all times hereafter mentioned, Petitioner maintained its principle place of business in Palm Beach County, Florida.

5. At all material times, the Vessel was in all respects tight, strong, staunch and properly manned, equipped and supplied and was in all respects seaworthy and fit for the service in which she was engaged.

6. The Vessel was located within this District, therefore, venue is proper pursuant to Supplemental Rule F, Fed. R. Civ. P.

7. Petitioner used the Vessel to conduct for-hire charter cruises out of Palm Beach County, Florida and, on August 20, 2022, the Vessel was carrying multiple passengers on a privately chartered sunset cruise that originated from near Singer Island in the Intercoastal Waterway in Palm Beach County, Florida ("the Sunset Cruise").

8. The Sunset Cruise was booked by two individuals named Kylee and Josh Hawks, who attended the Sunset Cruise along with the driver, the first mate and ten other passengers.

9. The Sunset Cruise ended later that same day, August 20, 2022, near Singer Island in Palm Beach County, Florida.

10. The Vessel was operated by Gregory Cornett at all times.

11. Upon return from the Sunset Cruise, the Vessel was near the dock at Singer Island in the Intracoastal Waterway and was purportedly involved in an incident that resulted in a passenger, Patricia Crowe, sustaining personal injuries.

12. Upon arrival at the dock, Patricia Crowe denied emergency services.

13. After the Sunset Cruise, Petitioner received a letter from counsel for Ms. Crowe, dated September 26, 2022, in which counsel advised that he had been retained to represent Patricia Crowe relative to alleged injuries sustained during the Sunset Cruise.

14. On November 21, 2022, Petitioner received a correspondence that Ms. Crowe had incurred nominal medical expenses.

15. On December 5, 2022, Petitioner received a second correspondence indicating that Ms. Crowe had incurred nominal medical expenses.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

16. On January 26, 2023, Plaintiff's counsel issued a written demand for Ms. Crowe's injuries, which was the first indication of a reasonable possibility that Ms. Crowe's claim could exceed the value of the Vessel.

17. On March 3, 2023, Patricia Crowe filed a lawsuit against Petitioner in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. In that lawsuit, Patricia Crowe seeks to recover damages against Petitioner arising from alleged personal injuries sustained by her during the Sunset Cruise. [See State Court Complaint, attached as Exhibit 1].

18. Patricia Crowe is the only known person to have allegedly sustained any loss, damage or injury as a result of the Sunset Cruise.

19. On information and belief, Patricia Crowe is a resident of Palm Beach County, Florida. [Exhibit 1 ¶2].

20. The Vessel was located within this District at all relevant times during the Sunset Cruise on which Patricia Crowe alleges she was injured and, therefore, venue is proper pursuant to Supplemental Rule F, Fed. R. Civ. P.

21. Petitioner seeks exoneration from liability pursuant to Supplemental Rule F(2), Fed. R. Civ. P., and, in the alternative, Petitioner seeks to claim and invoke the rights, privileges, remedies and procedures of the Limitation of Liability Act, Title 46, U.S. Code § 30501 *et seq.*

22. At all times material prior to this incident, Petitioner exercised due diligence to maintain the Vessel in seaworthy condition and to properly maintain, equip, outfit and supply the Vessel with suitable machinery, appliances, and other appropriate and necessary equipment, all in good condition and suitable for its intended operation.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

- 4 -

23. Patricia Crowe's alleged loss, damage, or injury was not caused or contributed to by any unseaworthy condition of the Vessel or by any fault, neglect, or lack of care by Petitioner or any others for whom Petitioner was or is responsible.

24. Petitioner denies that it, the Vessel, its appurtenances, or any person or property for whom it may be responsible is liable to any extent and Petitioner claims exoneration from liability for all claims, damages, and destruction done, occasioned, or incurred by any reason relating to the Sunset Cruise.

25. In the alternative, and without admitting liability, Petitioner avers that in the event Petitioner or the Vessel and its appurtenances should be held responsible to any party by reason of the matters aforesaid, Petitioner claims the benefit of the limitation of liability as provided for in 46 U.S.C. § 30501 *et seq.* and all law supplementary thereto and amendatory thereof.

26. All losses, damages, injuries and destruction resulting from the aforesaid Sunset Cruise were done, occasioned, and incurred without fault on the part of the Petitioner and without Petitioner's privity or knowledge.

27. The fair market value of the Vessel immediately following the Sunset Cruise, based on the marine valuation survey performed by Jason Dunbar was $116,200.00. [See Affidavit of Value, attached as Exhibit 2].

28. Contemporaneously, Petitioners have filed a Letter of Undertaking in the appropriate form of the amount of Petitioner's interest in the Vessel, $116,200.00, and pending freight immediately after the voyage, within interest at the rate of six percent (6%) per annum, from the date of the Letter of Undertaking and for costs. Exhibit 3.

29. Further, Petitioner pleads the contributory negligence and/or assumption of risk of each individual potential claimant, including Patricia Crowe, which negligence is pleaded as a bar

- 4 -

- 5 -

to and/or mitigation of any claimant's right to recover against Petitioner in relation to the Sunset Cruise.

30. This Petition is timely filed within six months of receipt of Mr. Zele's demand, which was the initial written notice to Petitioner of a potential claim for damage, loss, or injury potentially exceeding the value of the Vessel as a result of the Sunset Cruise. No other person or entity, besides Patricia Crowe has made any claim against Petitioner relating to the Sunset Cruise or provided written notice of any other such claim.

31. All and singular, these premises are true and correct and within admiralty and maritime jurisdiction of this Honorable Court, pursuant to Federal Rule of Civil Procedure 9(h) and Rule F of the Supplemental Rules of Admiralty and Maritime Claims.

WHEREFORE, Petitioner, GET WET WATERSPORTS, INC., as Owner of DOLPHIN CAT, a 2004 32-foot catamaran, HIN No. GCY32CDCD404, and its engines, tackle and other appurtenances, respectfully requests that the Court:

(a) enter the proposed order, attached as Exhibit 4 to this Petition, approving the Letter of Undertaking filed by Petitioners for payment into the Court of Petitioners' interest in the Vessel and its appurtenances immediately after the incident or such other amount which may be lawfully ordered by the Court, with interest as provided by law from the date of said stipulation;

(b) that on filing of the Letter of Undertaking, the Court enter an Order, attached hereto as Exhibit 4, directing the Clerk to immediately execute and enter a Notice, attached hereto as Exhibit 5, to all persons, firms and corporations claiming damage for any and all losses, damages, destructions, deaths or injuries, resulting from the August 20, 2022 incident, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims on counsel of record for Petitioner on or before the date fixed by the Court in the notice or be forever barred or

permanently enjoined from making or filing any such claims to make due proof of their respective claims before this Court;

(c) that on filing of the Letter of Undertaking above described, the Court enter an Order, attached hereto as Exhibit 4, staying prosecution of all suits and proceedings against Petitioner to recover for damages allegedly arising out of or resulting from the alleged August 20, 2022 incident and from this time forward restraining commencement of any suit, action or legal proceeding of any nature or description whatsoever against Petitioner or the Vessel or its appurtenances with respect to any claim arising out of the incident described above;

(d) that the Court enter a judgment that Petitioner and the Vessel and its appurtenances are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising out of the alleged August 20, 2022 incident and, accordingly, Petitioner be exonerated from any and all liability which has been or may be claimed against them as a result of this voyage and incident or, in the alternative, if such liability is found to exist, that Petitioner's liability be limited to the amount of the value of Petitioner's interest in the Vessel, its engine, tackle, appurtenances and pending freight immediately after the alleged August 20, 2022 incident and that money or security paid be divided *pro rata* among such claimants as may duly prove their claims before this Court, saving to all parties any priorities that they may be legally entitled to, and that judgment and decree be entered discharging Petitioner, the Vessel and its appurtenances of and from all further liability and forever enjoin and prohibit filing and prosecution of any claims against Petitioner or their property in consequence of or in connection with the matters and happenings referred to in this Verified Petition; and,

(e) that Petitioner have any further relief the Court determines is equitable and just.

Respectfully submitted,

*/s/ Chloe M. Horton*
Chloe M. Horton
Fla. Bar No. 1039500
Email: chorton@fowler-white.com

Christine M. Walker
Fla. Bar No. 98166
Email: cwalker@fowler-white.com

James N. Hurley
Fla. Bar No. 354104
Email: jhurley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201